Dolly LISNEY, Plaintiff-Appellant-Petitioner,

v.

LABOR & INDUSTRY REVIEW COMMISSION, Vernon County and U.S. Fidelity & Guaranty Company, Defendants-Respondents.

Supreme Court

*No. 91-0976. Filed March 24, 1993.*

(Also reported in 497 N.W.2d 123.)

PER CURIAM. The defendant-respondents, Vernon County and U.S. Fidelity and Guaranty Company, motion for reconsideration is denied.

JON P. WILCOX, J. *(dissenting).* The defendant-respondents, Vernon County and U.S. Fidelity and Guaranty Company, filed a motion for reconsideration in the above captioned case which a majority of this court denied. The unanimous decision of this court was mandated on December 1, 1992. That opinion concluded that sec. 102.42(1), Stats., as amended in 1973, requires an employer to pay medical expenses even after LIRC has issued a final order. Accordingly, we held that LIRC had jurisdiction to hear and determine Lisney's applica-

680

tion, filed over three years after LIRC's final order in her case, for medical expenses incurred after the hearing determining her worker's compensation benefits. I believe the motion for reconsideration should be granted for the following reasons:

(1)  The mandated opinion overlooked controlling legal precedent. The opinion expanded LIRC's jurisdiction beyond that provided in sec. 102.18, Stats. Section 102.18 is the procedural statute that sets forth the process for all claims under the Worker's Compensation Act. The Department must abide by the rules of sec. 102.18. Section 102.18(1)(b) dictates the types of decisions the Department may enter which include final and interlocutory orders. Section 102.18(4)(a) sets forth the types of applicant claims that are not affected by the finality of an order issued under sec. 102.18(1)(b). The legislature did not include sec. 102.42(1) in the exclusions listed in sec. 102.18(4)(a). The mandated opinion never discusses sec. 102.18(4)(a). Section 102.18(4)(a) is controlling legal precedent overlooked by the court in its mandated opinion.

The legislature first included the language of sec. 102.18(4)(a) in 1927 Wis. Laws Chapter 517. The most recent amendment affecting this section occurred in 1980 when secs. 102.35(3) and 102.43(5) were added to the list of exceptions. This amendment occurred seven years after the language of sec. 102.42(1) relied on by the mandated opinion was enacted. The legislature had an opportunity to add sec. 102.42(1) to the list of exceptions in sec. 102.18(4)(a). Our decision has the effect of adding sec. 102.42(1) to the listing in sec. 102.18(4)(a) without mention or consideration in the opinion.

(2)  The mandated opinion overlooks important policy considerations. The opinion fails to consider the enormous financial and administrative impact of the

decision. Up to now, LIRC was considered to have no jurisdiction in a case after a final order was issued. This decision makes it possible for a claimant to reopen a closed case up to twelve years after a final order is issued. This will impose significant administrative costs on the worker's compensation system. Furthermore, the decision does not promote the public policies underlying the Worker's Compensation Act, specifically: (1) furnishing certain, prompt and reasonable consideration to injured employees; and (2) providing a tribunal to settle disputes between employers and employees promptly, cheaply and summarily.

The motion for reconsideration should be granted.

I am authorized to state that Justices DAY and STEINMETZ join in this dissent.